# W. H. LAZENBY v. STATE.

No. A-3357—*Opinion Filed Nov. 10, 1920.*

(192 Pac. 1103.)

(Syllabus.)

**HOMICIDE—Right to Complain of Error—Murder—Conviction for Manslaughter.** In a prosecution for murder when the court submits the issue, and the jury finds the defendant guilty of manslaughter in the first degree, in a case where the law and the facts make the crime murder, it is an error in the defendant's favor, of which he has no cause to complain.

*Appeal from District Court, Johnston County;*

*J. H. Linebaugh, Judge.*

W. H. Lazenby was convicted of manslaughter in the first degree, and he appeals. Affirmed.

*Cornelius Hardy, Ratliff & Looney,* and *P. B. H. Shearer,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *Sam Hooker,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, W. H. Lazenby, hereinafter called the defendant, was informed against for the murder of Will Davis, convicted of manslaughter in the first degree, and sentenced to imprisonment in the Oklahoma State Penitentiary at McAlester for a term of four years. To reverse the judgment rendered, he prosecutes this appeal.

The facts which the evidence tends to establish are as follows: The defendant and the deceased married sisters and with their families lived on their wives' allotments about eight miles east of Tishomingo. On April 28, 1917, in the absence of the defendant, Will Davis and J. M. Surgener went to the home of the defendant and forcibly had sexual intercourse with his wife. Upon the day the outrage is alleged to have been perpetrated and immediately upon the return of the defendant to his home, she informed him. On the 7th day of May, 1917, the defendant went to the home of the deceased, called him to the door, and said to him, "I am going to kill you," and immediately shot him once while they were on the porch. Then the defendant followed him into the house and shot him three times more, inflicting wounds from which the deceased died the next

day. The defendant then left the home of the deceased and went to the field where Surgener was plowing and shot him three times.

The only defense interposed by the defendant or shown by any evidence in the case was that of insanity.

The trial court, against the objections of defendant, submitted the issue of manslaughter in the first degree in the instructions given to the jury, and the defendant saved exceptions to said instructions.

It is contended that under the evidence the defendant should either have been convicted of murder or acquitted on the ground of insanity, and that no instructions for manslaughter in the first degree should have been given.

In *Steeley v. State*, 17 Okla. Cr. 252, 187 Pac. 821, it is said:

"We understand the law to be well settled that the unlawful taking of human life, when done purposely, is murder, unless there is sufficient provocation, and the provocation must be a sufficient one to arouse anger and passion to a degree that prevents all premeditation and deliberation.

Bishop says:

" 'To determine whether or not the conduct of the person killed was a provocation reducing the homicide to manslaughter, the test is, not whether what he did is indictable but whether the law deems it calculated to excite passions beyond control. * * * Adultery is not an indictable offense; yet of all the provocations which can excite man to madness the law recognies it as the highest and strongest.

" 'If, in a particular case, there has been passion, but it was ended when the homicide occurred, it cannot reduce

the killing to a lower degree.' 2 Bishop's New Crim. Law §§ 710, 711.

"Where there is time for deliberation, and where there is a purpose to kill, deliberately conceived and executed, the law refuses to mitigate the offense, and holds it to be murder, and where the defendant claimed that he shot deceased because the latter had debauched defendant's wife and had taken her from the defendant, and was at the time of the homicide living in open adultery with her, even though the jury might believe this evidence, it would not justify the defendant in lying in wait to shoot deceased.

"On this question the evidence in the case is conflicting. The law is merciful where a sudden passion arising from an adequate provocation impels a man to take human life, and then the offense is manslaughter in the first degree, only, and not murder, but in order to reduce the offense to this degree the reason of the defendant must at the time of the act be disturbed or obscured by passion to an extent that prevents premeditation and deliberation, and in cases of that kind, where the defendant is smarting under a provocation so recent and strong that he cannot be considered as being at the time capable of deliberation, the offense may be reduced to manslaughter in the first degree and the question is for the jury to determine."

In the case of *Irby v. State*, 18 Okla. Cr. ......, 197 Pac. 429, this court held that—

"In a prosecution for murder, when the court submits the issue, and the jury finds the defendant guilty of manslaughter in the first degree, in a case where the law and the facts make the crime murder, it is an error in the defendant's favor, of which he has no cause to complain."

Under the provisions of the Code of Criminal Procedure:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in

that with which he is charged, or of an attempt to commit the offense." Section 5923, Rev. Laws 1910.

Some exceptions were taken during the course of the trial to the admission of evidence, but we are of the opinion that none of them were well taken. We have given careful examination and consideration to the record in this case and we find no error justifying a reversal.

The judgment is therefore affirmed.

DOYLE, P. J., and MATSON, J., concur.