### JOE TAYLOR v. STATE.

No. A-6755.   Opinion Filed June 1, 1929.
Rehearing Denied July 20, 1929.
(278 Pac. 1117.)

Curran, Sturgis & Hill, Jno. V. Roberts, and L. E. Roseboom, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Garfield county of manslaughter in the first degree and sentenced to serve a term of eight years in the state penitentiary.

Only one assignment of error is argued, that the court erred in submitting to the jury the issue of manslaughter in the first degree.

The information contains the usual charge of murder by shooting without authority of law, and with a premeditated design to effect the death of one Alberta Williams, under the first subdivision of section 1733, Comp. St. 1921.

The record here discloses that at the time of the homicide, Jackson Jordan, a colored man, lived a short distance out of the city of Enid. Several people had gathered at his house probably to indulge in a crap game. In this party was Alberta Williams. Some time after the party had gathered, some men came to the south door of his house and demanded entrance. He directed them to the east door, and when he opened it they began shooting, one of the shots striking Alberta Williams, who fled from the scene and was found in a dying condition some 200 yards away. The state presented the theory that the party that did the shooting came there for the purpose of hi-jacking those at the house. One Thompson, who at the time of the trial was serving a term in the penitentiary for bank robbery, testified that he, one Jones, and the defendant went to the place for the purpose of holding up a dice game which they expected to be in progress, and when they attempted to do so the shooting followed in which Alberta Williams was killed, and Jordan, at whose house the trouble occurred, was seriously wounded, and defendant also was wounded. Defendant testified that he went to the place alone on the invitation

of Jordan to get some beer, and as he arrived the robbers appeared and forced him into the house ahead of them, and in the shooting affray he was wounded in the shoulder by a shotgun in the hands of Jordan.

Defendant contends that, while the information does not set out the circumstances of the crime charged, the proof brings the case within the third subdivision of section 1733, Comp. St. 1921, that is: a homicide committed by one while engaged in the commission of a felony, and that under this subdivision there is no middle ground, the crime is murder or nothing; that the submission by the court to the jury of instructions covering manslaughter in the first degree permitted the jury to compromise and to dicker away the liberty of defendant and deprive him of a reasonable and well-founded doubt as to his guilt, citing: Leseney v. State, 13 Okla. Cr. 247, 163 Pac. 956; Lovejoy v. State, 18 Okla. Cr. 335, 194 Pac. 1087; Bandy v. State, 102 Ohio St. 384, 131 N. E. 499, 21 A. L. R. 594; Dickens v. People, 67 Colo. 409, 186 Pac. 277; Jordan v. State, 117 Ga. 405, 43 S. E. 747; People v. Schultz, 267 Ill. 147, 107 N. E. 833; Parker v. State, 102 Miss. 113, 58 So. 978; Pliemling v. State, 46 Wis. 516, 1 N. W. 278; Berry v. State, 122 Ga. 429, 50 S. E. 345. These cases in substance hold that, where the evidence raises no issue but that of guilt or innocence of the defendant of the crime of murder, presenting nothing to reduce the homicide to any of the lower degrees, it is reversible error to submit to the jury the lower degree of the crime; that to do so permits the jury to compromise and fail to do justice by a conviction for murder or an acquittal. According to defendant's theory, the only matter at issue was the identity of defendant as one of the participants in the attempted robbery; that if he was a participant he is guilty of murder, and, if not a participant, he is entitled to be

acquitted. The Leseney Case, supra, was one in which the homicide was committed by the administration of poison. The Lovejoy Case, supra, was one in which the homicide, if committed, was in the perpetration of an abortion. The state insists that it is immaterial what view the court may take of the evidence in the instant case; that even if defendant and those engaged with him were engaged in the commission of a felony, to wit, robbery, and while so engaged killed the deceased, he will not be heard to complain that the court erroneously submitted the issue of manslaughter in the first degree. For if the court does submit the issue of manslaughter in the first degree, it is error favorable to defendant. This is the issue presented by the record and briefs before us.

There is considerable force in the argument of counsel to support their contention. Where in the trial of an accused for a charge of murder by the administration of poison or where the crime is unquestionably perpetrated in the commission of a felony, so that under no view of the evidence or the law applicable could the accused be guilty of anything less than murder, the trial court should not submit the issue of manslaughter. But where under any view of the evidence the crime might be reduced to the lowed degree, the issue of manslaughter should be submitted. If the court out of an excess of precaution does submit the issue of manslaughter in a case where the crime is unquestionably murder, still, since the error in so doing is in defendant's favor, he has no cause to complain.

Section 2740, Comp. St. 1921, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

The Leseney Case and the Lovejoy Case are not in line with the general trend of the decisions in this state both prior and subsequent to those cases. Lytton v. State, 12 Okla. Cr. 204, 153 Pac. 620, and authorities therein cited. The Leseney Case while not directly overruled was criticized in the case of Irby v. State, 18 Okla. Cr. 671, 197 Pac. 526, where it was said:

"The only remaining assignment is, 'Error of the court in submitting to the jury the question of manslaughter.' The record shows that the defendant reserved exceptions to the instructions submitting the issue of manslaughter in the first degree. It is contended that under the evidence the defendant should either have been convicted of murder or acquitted, and that no instructions for manslaughter in the first degree should have been given. In support of this contention we are cited by counsel for defendant to Leseney v. State, 13 Okla. Cr. 247, 163 Pac. 956, in which it was held reversible error to instruct on manslaughter in the first degree when the evidence tended to show that the defendant was guilty of murder alone, and there was no evidence to support the charge of manslaughter in the first degree. In all other cases it has been uniformly held by this court that, even if the evidence did not warrant an instruction for manslaughter, it is an error in the defendant's favor of which he has no cause to complain."

It was said in the case of Smith v. State, 20 Okla. Cr. 301, 202 Pac. 519, that this court had refused to follow the Leseney Case. The rule herein announced is followed in principle in the following cases: Lazenby v. State, 18 Okla. Cr. 83, 192 Pac. 1103; Harper v. State, 20 Okla. Cr. 43, 200 Pac. 879; Smith v. State, 20 Okla. Cr. 301, 202 Pac. 519; Wilmoth v. State, 20 Okla. Cr. 453, 203 Pac. 1055, 21 A. L. R. 590; Inman v. State, 22 Okla. Cr. 161, 210 Pac. 742; Hallmark v. State, 22 Okla. Cr. 422, 212 Pac. 322.

In the Hallmark Case it was said:

"In this case the defendant might properly have been convicted of rape in the first degree, and the trial court, without objection on the part of the defendant, and, evidently misconstruing his duty in the premises where there was no evidence tending to reduce the degree of the crime, authorized the jury by the instructions given to find the defendant guilty of a lower degree of crime than the evidence tended to disclose. There is considerable conflict in the authorities of the different jurisdictions as to whether or not such action on the part of the trial court amounts to reversible error. In this jurisdiction, however, it is held that such action constitutes error of which defendant will not be heard to complain upon appeal in cases where the crime is by statute distinguished into degrees and the defendant is convicted of a lower degree than the law and evidence warrant.

"This view is consonant with the further statutory provisions of this state (section 2822, Comp. St. 1921), substantially to the effect that on appeal no criminal judgment should be set aside or a new trial granted, among other grounds, because of misdirection of the jury, unless in the opinion of the court after an examination of the entire record it appears that the error complained of has probably resulted in the miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right of the defendant."

The evidence appears to establish conclusively that defendant or some one in the party in which he was acting in the commission of a felony killed the deceased, Alberta Williams, and that such killing was murder. The court should not have submitted the issue of manslaughter in the first degree, but having done so, and the defendant having been convicted of manslaughter in the first degree, the error was in his favor, and he will not be heard to complain.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.