## ROY ANSLEY v. STATE.

No. A-6654.   Opinion Filed September 28, 1929.
(281 Pac. 160.)

Sebe Christian, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, Roy Ansley, hereinafter called defendant, was convicted in the district court of Pittsburg county of the crime of manslaughter in the second degree, and his punishment assessed at imprisonment in the state penitentiary for a term of two years.

This prosecution was the result of a killing that occurred in an automobile accident on the Jefferson highway in Pittsburg county south of the town of Kiowa at a time this defendant was driving his own car and had as passengers with him the deceased, Shadrick, one Rosinganna (also killed), and one Ralph Owen, all riding on one seat of a Buick runabout roadster.  The accident occurred at the underpass on said highway where the Katy and Rock Island railroads cross each other.  The automobile while being driven by the defendant (according to the state's evidence) at an excessive rate of speed, down hill, skidded in the loose gravel on a reverse curve, was thrown against a telephone pole, and from that caromed off onto the piling constituting part of the abutment of the underpass, crushing and killing Shadrick and

Rosinganna, both occupants of the right-hand side of the car, the side that struck against the telephone post.

It is first contended that the trial court erred in overruling the demurrer to the information. In this connection it is contended that the information is duplicitous, in that it charges in one count more than one offense in violation of section 2558, Compiled Oklahoma Statutes 1921.

Counsel for defendant urge that the information charges:

First, the misdemeanor (reckless driving of an automobile) defined by section 2 of chapter 16, Session Laws 1923, p. 21; and,

Second, manslaughter.

The case was tried on the theory that the information charged but one offense, to wit, manslaughter in the second degree, and the instructions of the trial court limited the jury to a consideration alone of this degree of felonious homicide.

The charging part of the information reads as follows:

"That Roy Ansley did, in Pittsburg county, and in the state of Oklahoma, on or about the 29th day of December in the year of our Lord, one thousand nine hundred and twenty-six and anterior to the presentment hereof, then and there willfully, wrongfully and unlawfully drive, propel and operate a certain automobile, to wit: a Buick Six Master Sport Model Roadster, on and along the Jefferson highway from McAlester to a point on said highway at the underpass of the Chicago, Rock Island & Pacific railway crossing of said highway, at a rate of speed greater than is reasonable under the existing circum-

stances and not having due regard for the safety of pedestrians and property, and at a rate of speed greater than thirty-five miles per hour, all of said points being within Pittsburg county, and state of Oklahoma, and while so unlawfully driving said car as aforesaid, he, the said Roy Ansley, had riding with him in said car, certain persons, to wit: Ralph Owens, Ezie Rosinganna and Ellison Shadrick, and the said defendant, Roy Ansley, did then and there willfully, wrongfully and feloniously and negligently drive and propel said automobile into the abutment and piling of said underpass in an unlawful, negligent and culpable and reckless manner, thereby causing a wreck and destruction of said car which said wreck and the concussion of said car with said abutments and piling of said underpass caused the person of said Ellison Shadrick to be mangled, bruised and broken and thrown from said car, thereby inflicting certain mortal wounds upon him, the said Ellison Shadrick, of which wounds and injuries he, the said Ellison Shadrick, then and there died." C.-M., pp. 16 and 17.

The information in this case is not duplicitous. True, there are allegations in the information that show that this defendant in committing the crime of manslaughter in the second degree operated his car in a grossly careless and negligent manner. Such allegations are merely descriptive of the manner in which the offense of manslaughter in the second degree is alleged to have been committed. Such acts are included within and naturally merge into the completed crime. It is elementary that the acts constituting the entire offense must be charged in the indictment or information in a manner sufficient to apprise the defendant of the crime itself. Section 2556, Compiled Oklahoma Statutes 1921, among other things in the third subdivision thereof, provides that the indictment or information must be direct and certain as to the "particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

The fact that an indictment or information for murder alleges also that the defendant committed an assault upon the deceased does not charge more than one offense. Baysinger v. Territory, 15 Okla. 386, 82 Pac. 728.

The driving of the automobile by the defendant in a careless and reckless manner was but a single part of the transaction constituting culpable negligence that culminated in the killing of Shadrick as charged in the information. It was necessary to allege such circumstances in order to set out in the information the acts constituting the completed offense of manslaughter in the second degree. This particularity of describing the crime is for the benefit of the accused, as it informs him of the manner in which the crime is charged by the state to have been committed. An information charging manslaughter in the second degree substantially in the form here attacked was recently approved as a sufficient charge in the case of Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277. There was no error in overruling the demurrer to the information.

It is next contended that the trial court erred in giving instructions Nos. 2, 3, 4 and 5 of the general charge. Said instructions read as follows:

"To the charge contained against him in the information, the defendant when arraigned in court entered his plea of not guilty, and thus is formed the issue which you are called upon to try and determine.

"The defendant is charged in the information with the crime of manslaughter in the second degree.

"Homicide is the killing of one human by another. Homicide is manslaughter in the second degree when caused by the reckless or culpably negligent act of another, which under the law is not excusable homicide.

"You are further instructed in this case that the defendant having pleaded he is not guilty, admits that the deceased was killed by being thrown from an automobile which the defendant was operating at the time and place charged in the information, but claims that he is excusable therefor because he says that the collision of the car which defendant was driving at the time with the abutment and piling of said underpass and which resulted in the death of said Ellison Shadrick was unintentional, accidental and a mere misadventure and happened under such circumstances as to render him excusable therefor under the law."

In presenting this particular objection to the court's charge, counsel for defendant says:

"These instructions attempted to instruct the jury on the law of manslaughter in the second degree. Instruction No. 2 recites that the defendant is charged with manslaughter in the second degree and says that the defendant claims that he is excusable for the deaths caused, because the collision from which the death resulted was accidental and made under such circumstances as to render him excusable. The defendant excepted to said charge because the defendant was not charged with manslaughter in the second degree but was only charged with reckless driving on a public highway, and the charge that such reckless driving resulted in the death of the deceased, was merely surplusage, calculated to inflame the minds of the jury against the defendant on account of such result." Brief of plaintiff in error, p. 53.

It will be noted that there is no contention that instructions Nos. 2 to 5, inclusive, contain any incorrect exposition of the law, but only that the charge is erroneous, in that it was unauthorized because the defendant was not charged with manslaughter in the second degree or with any grade of felonious homicide, but only with reckless driving as defined by chapter 16, Session Laws 1923, which is nothing but a misdemeanor.

It follows that the information in this case contains a sufficient charge of manslaughter in the second degree, and there is no merit in the argument advanced against these particular instructions.

Finally, it is contended that the evidence in this case is insufficient to support the verdict and judgment.

The law applicable to homicides occasioned by the negligent operation of automobiles has received construction by this court in its able opinions in the cases of Mayse v. State, supra, and Nail v. State, 33 Okla. Cr. 100, 242 Pac. 270.

The evidence in this case is somewhat in conflict, but the state's evidence discloses that the defendant was driving at a rate of speed in excess of 35 miles per hour; that he was operating the steering wheel with but one hand; that he was cautioned by other occupants of the car that he was going to wreck the same if he did not drive slower; that he claims to know the road, and must have known that at the time of the accident which resulted in this death he was driving down a hill with a reverse curve in it, on loose gravel, and with an underpass at the bottom of the hill that had a narrow passage to it with numerous piles on each side of said passage to hold the abutments. With a road such as this, the driving of a car at a rate of speed approximating 40 or 45 miles an hour, down grade, was certainly gross and culpable negligence in itself. With the exercise of ordinary care and caution on the part of the defendant considering the existing circumstances, this accident would not have occurred, and he would never have been called upon to answer for the death of his fellow man. He steadfastly refused to heed the caution of his compan-

ions, and the miracle is that all occupants of the car were not killed.

The verdict of the jury is supported by sufficient evidence, and the errors of law complained of are not sufficient to require a reversal of the case. The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.