## E. J. BERRY v. STATE.

No. A-8395. Sept. 16, 1932.
Rehearing Denied Nov. 18, 1932.
(18 Pac. [2d] 285.)

Phillips & Boner, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Bryan county of manslaughter in the second degree, and was sentenced to serve a term of two years in the state penitentiary.

At the time charged, defendant upon the public highway at the approach to a bridge on Caddo creek drove an automobile against another automobile driven by one Sanders, and in which was the wife of Sanders and Earl O'Hara and wife. The collision occurred in the early evening soon after dark. Defendant's car struck the rear of Sanders' car, pushing it over a bank some seventeen feet high into the bed of the creek; defendant's car falling on top of the Sanders car. Immediately after the cars fell to the bed of the creek, defendant took some whisky from the back of his car, carried it a short distance, and concealed it. It was in bottles in a carton addressed to defendant. It was the theory of the state that defendant was driving while intoxicated, and the wreck was the result of such intoxication. Defendant testified in substance that he was employed to drive one Pack from Okla-

homa City to Texas and return; that Pack was drinking, and that he took one bottle of whisky from him and concealed it in the pocket of the car where it was found; that he did not know of the whisky in the back of the car until just at the time of the collision, when Pack made some outcry concerning it. Several witnesses testified they smelled whisky on defendant's breath, and that he appeared to be intoxicated. Several other witnesses with equal opportunity testified they did not smell liquor on his breath, and he did not appear to be drinking. The jury by its verdict has settled this issue of fact against defendant.

No demurrer was filed to the information nor objection to the introduction of testimony made. No exceptions were taken to any testimony, nor to any of the court's instructions, nor to the order overruling the motion for a new trial.

The contention is made that the evidence is insufficient. This is not tenable. From the state's standpoint, there is sufficient testimony to show defendant, while driving at an excessive speed, ran into the rear of the car driven by Sanders, and precipitated both cars to the creek bed, and caused the death of the O'Haras. Whether drunk or sober, the evidence is sufficient to show culpable negligence in the operation of the automobile. The resultant deaths constitute manslaughter in the second degree. Brock v. State, 39 Okla. Cr. 162, 263 Pac. 1115; Nail v. State, 33 Okla. Cr. 100, 242 Pac. 270; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277; Ansley v. State, 44 Okla. Cr. 382, 281 Pac. 160.

It is also urged that the information does not sufficiently allege manslaughter in the second degree. Counsel say the information is sufficient to charge the crime of

murder or manslaughter in the first degree, but contend, in order to be sufficient as to manslaughter in the second degree, there must have been an allegation of acts constituting culpable negligence; citing Mayse v. State, supra, and Ansley v. State, supra. In each of those cases, the pleader did not attempt to charge the higher degrees of homicide, but only manslaughter in the second degree. In such case the allegation must be more than a mere conclusion of culpable negligence, but must plead sufficient facts to apprise the defendant of the particular offense he must meet. Here the charge is murder; this charge includes a charge of manslaughter in the first and in the second degree. Section 2740, Comp. St. 1921; Warren v. State, 6 Okla. Cr. 1, 115 Pac. 812, 34 L. R. A. (N. S.) 1121; Jones v. State, 8 Okla. Cr. 576, 129 Pac. 446. See, also, Taylor v. State, 44 Okla. Cr. 55, 278 Pac. 1117.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.