## ALLEN HOLMES v. STATE.

No. A-8403. Sept. 30, 1932.
(16 Pac. [2d] 264.)

112

 

Eaton & Eaton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter referred to as defendant, was convicted in the district court of Okmulgee county of the crime of manslaughter in the second degree in the killing of Ed. W. Moll by driving an automobile in, over, and upon him, while defendant was in an intoxicated condition, and, the jury being unable to agree upon his punishment, the same was fixed by the court at imprisonment in the state penitentiary for a period of three years.

It is first contended that it was reversible error for the court to submit an instruction to the jury on manslaughter in the second degree, since the evidence, if it established anything, was sufficient to support a verdict for murder.

In support of this contention defendant cites Leseney v. State, 13 Okla. Cr. 247, 163 Pac. 956, and Lovejoy v. State, 18 Okla. Cr. 335, 194 Pac. 1087, where the court laid down the rule that it was reversible error to give an instruction upon manslaughter in the second degree where there is no evidence tending to support such issue.

In Taylor v. State, 44 Okla. Cr. 58, 278 Pac. 1117, this court repudiated that rule in the following language:

"In a prosecution for murder when the court submits the issue and the jury finds the defendant guilty of manslaughter in the first degree, although under the law and the facts the crime is murder, yet, if defendant is convicted of a lower degree of homicide than that shown by

the evidence, no prejudice could have resulted to him, and this court will not reverse a conviction because of such error. * * *

"Where under any view of the evidence the crime might be reduced to the lower degree, the issue of manslaughter should be submitted."

Section 2740, C. O. S. 1921, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

It appears from the record that the instruction complained of was given on the 6th day of November, 1931, and that the exception taken and allowed to such instruction was not filed and allowed until November 10, 1931.

Requested instructions must be in writing and presented to the trial court before the general charge is settled; otherwise they come too late. Williams v. State, 12 Okla. Cr. 39, 151 Pac. 900.

The instructions must be settled before the same are read to the jury. Boutcher v. State, 4 Okla. Cr. 576, 111 Pac. 1006; Russell v. State, 17 Okla. Cr. 164, 194 Pac. 242; Inman v. State, 22 Okla. Cr. 161, 210 Pac. 742.

It is apparent that counsel for defendant made no objection to the instruction complained of nor tendered any special instruction in lieu thereof. The error, if any, being in defendant's favor, he cannot now be heard to complain.

It is further contended that the evidence is insufficient to support the verdict of the jury. This contention is based upon the proposition that, since the evidence would sustain no charge except murder, and manslaughter in the

second degree not being an included offense, therefore the evidence would not support such verdict.

The authorities cited above dispose of this question adversely to the defendant.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.