# A. B. JENKINS v. STATE.

No. A-8760.　May 17, 1935.
(45 Pac. [2d] 161.)

Melrose Minton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.　The plaintiff in error, hereinafter referred to as the defendant, was by information charged with murder, was convicted of manslaughter in the first degree, and sentenced to be confined at hard labor in the reformatory at Granite for a term of five years.

The testimony on behalf of the state in substance shows that on Christmas eve in 1931, this defendant was driving on highway 66, at a point eight or nine miles west of the city of Clinton; at the time the defendant was an employee of the State Highway Department; he was driv-

ing at a high rate of speed and drove into the rear of a parked car, while the car was being supplied with gasoline, the collision resulting in the killing of the deceased, Foye Johnson. This accident occurred shortly after dark; the deceased was in company with her sister and a Mr. R. A. Trent; when they reached the place where the accident occurred, they discovered they were out of gasoline; Trent ordered some gasoline and two attendants at the filling station, Marion Woods and Floyd Shahan, brought the gasoline to where the Trent car was; when the parties came with the gasoline, the deceased was standing behind their car watching them put the gasoline in the tank; the deceased, Foye Johnson, Marion Woods, and Floyd Shahan were all killed from the effects of the collision.

There is no controversy that defendant was driving the car which struck the rear of the Trent car, and was the proximate cause of the death of Foye Johnson. The testimony on behalf of the state shows the defendant was under the influence of intoxicating liquor at the time of the collision, and was driving at a rapid rate of speed; that the parties examining the car found a half-gallon jar which had been broken, which jar had a small quantity of whisky in the bottom of the jar, and there was liquid of some kind dripping through the defendant's car which had the odor of alcohol.

The evidence on behalf of the state further shows that the force of defendant's car, when it struck the Trent car, knocked the Trent car forward 17 or more feet, although the Trent car had the emergency brake on.

The defendant denies he was drinking, and called a number of witnesses who testified they had seen him in the afternoon and evening up to the time he left Duncan, and they did not smell the odor of whisky on his breath,

and did not see him take a drink; he also called a number of witnesses who testified to his previous good character and sobriety. The record is voluminous. It would serve no useful purpose to set out at length the evidence as to the defendant's sobriety and previous good character, or to the number of witnesses who testified for the state.

Four errors have been assigned by the defendant as grounds for reversal. The only error necessary to be considered by this court is, "That said court erred in overruling the motion for a new trial of plaintiff in error."

The other errors are embraced within this assignment. The defendant, in his brief, admits he was charged with the crime of murder, but his counsel contends that the jury rejected any theory upon which the defendant could have been convicted of murder under the evidence in this case. This contention of the defendant is not correct, and is not supported by the decisions of this court; in fact, it is contrary to such argument.

In Berry v. State, 54 Okla. Cr. 154, 18 Pac. (2d) 285, this court passed squarely upon the question urged by the defendant. In the first paragraph of the syllabus, the court said:

"Where an information charges a murder to have been committed with a premeditated design to effect the death of the person killed, such charge includes the lower degrees of homicide, and, when submitted to the jury by proper instruction, a conviction may be had under such charge for manslaughter in the second degree."

In the second paragraph of the syllabus, the court said:

"When an accused is tried on a charge of murder and the jury find him guilty of manslaughter in the second degree, this court will not grant a new trial on the ground that defendant should have been convicted either of murder or manslaughter in the first degree or acquitted."

The facts and circumstances in Berry v. State, supra, are very similar to the facts and circumstances in this case. The contention is made that the evidence is insufficient to sustain the verdict. This contention is not borne out by the evidence. From the state's standpoint there is sufficient testimony to show the defendant, while driving at an excessive speed, ran into the rear of the Trent car and struck the deceased, the result of which caused the death of the deceased, Foye Johnson. Whether drunk or sober, the evidence is sufficient to sustain the verdict of first-degree manslaughter, and to show the collision was the proximate cause of the death of Miss Johnson.

The charge of murder includes the charge of manslaughter in the first and in the second degree. Section 2740, C. O. S. 1921, now section 3097, O. S. 1931; Warren v. State, 6 Okla. Cr. 1, 115 Pac. 812, 34 L. R. A. (N. S.) 1121; Taylor v. State, 44 Okla. Cr. 58, 278 Pac. 1117.

This court has repeatedly held that where a defendant is charged with murder, and the trial court submits the issue of manslaughter in either of the degrees in a case where the evidence would justify a conviction of murder, and the jury finds the accused guilty of manslaughter, the error is one of which the defendant will not be heard to complain. Inman v. State, 22 Okla. Cr. 161, 210 Pac. 742; Smith v. State, 20 Okla. Cr. 301, 202 Pac. 519; Wilmoth v. State, 20 Okla. Cr. 453, 203 Pac. 1055, 21 A. L. R. 590.

No complaint is made by the defendant that the court did not correctly advise the jury as to the law applicable to the facts, nor is there any contention that the jury, in arriving at its verdict, did not do so upon the evidence adduced before it, and the law as given by the court.

After a careful examination of the record, we conclude there are no errors which could have been prejudicial to the defendant. The judgment of the lower court is therefore affirmed.

EDWARDS and DOYLE, JJ., concur.