## W. F. (Doc) WALTERS v. STATE.

No. A-8829. Aug. 30, 1935.
(48 Pac. [2d] 875.)

J. Q. A. Harrod and Laynie W. Harrod, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   Plaintiff in error, hereinafter called defendant, on a charge of murder, was convicted in the district court of Oklahoma county, of manslaughter in the second degree, and was sentenced to serve a term of 4 years in the State Penitentiary.   The information, in substance, alleges that defendant, while intoxicated, did drive an automobile in a reckless and careless manner against an automobile driven by one Claude Roberts in such a manner and with such force that he thereby inflicted mortal wounds on the body of Barnum Roberts and caused his death.   It is undisputed that at the time charged, defendant, on the public highway, drove an automobile against another driven by Claude Roberts in a head-on collision and in such collision caused the death of Barnum Roberts, an occupant of the Roberts car.   The collision occurred about 8 p. m. near a street intersection of Oklahoma City.   Deceased was killed almost instantly.   Claude Roberts and defendant were both injured.   The state's theory is that defendant was intoxicated at the time and was driving in a reckless and careless manner on the wrong side of the high-

way. It introduced considerable testimony in support of this theory. Defendant admitted taking a drink before the collision, but denied he was intoxicated, and testified he was driving only about 25 miles per hour, and attempted to explain the collision. He also introduced some supporting testimony in conflict with the testimony of the state.

Defendant argues that since the court instructed on murder and both degrees of manslaughter and the verdict is for second-degree manslaughter, that the jury did not believe the evidence tending to prove murder or manslaughter in the first degree, and that the verdict of second-degree manslaughter is not sustained by the evidence. This contention is not tenable.

Murder is defined by section 2216, Okla. Stat. 1931. Manslaughter in the first degree is defined by section 2223, Okla. Stat. 1931. Manslaughter in the second degree is any unlawful killing not included in the definition of murder and of manslaughter in the first degree. It is not defined in specific terms, but by the catchall definition of section 2228, Okla. Stat. 1931, which is:

"Every killing of one human being by the act, procurement or culpable negligence of another, which, under the provisions of this chapter, is not murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree."

There are three degrees of unlawful homicide; murder and the two degrees of manslaughter. Section 3096 is:

"3096. Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which is guilty."

This section has been many times construed and applied by this court, and it is settled law the jury must fix

the degree of the crime of which a defendant is convicted when the court submits to them the different degrees. The verdict will not be disturbed on the ground the jury found defendant guilty of a lower degree of the crime charged than that established by the evidence. It sometimes happens the jury, in arriving at a verdict, does so by a compromise and fixes a lower degree than the undisputed evidence may disclose. Some states have reversed convictions under such circumstances, but, with two exceptions, this court has held the error is in favor of the accused and is not ground for a new trial. The exceptions are: Leseney v. State, 13 Okla. Cr. 247, 163 Pac. 956, and Lovejoy v. State, 18 Okla. Cr. 335, 194 Pac. 1087. These cases have been criticized and have not been followed. Irby v. State, 18 Okla. Cr. 671, 197 Pac. 526; Taylor v. State, 44 Okla. Cr. 58, 278 Pac. 1117. We are satisfied the law on this point is correctly stated in the following cases: Lytton v. State, 12 Okla. Cr. 204, 153 Pac. 620; Lazenby v. State, 18 Okla. Cr. 83, 192 Pac. 1103; Smith v. State, 20 Okla. Cr. 301, 202 Pac. 519; Wilmoth v. State, 20 Okla. Cr. 453, 203 Pac. 1055, 21 A. L. R. 590; Inman v. State, 22 Okla. Cr. 161, 210 Pac. 742; Taylor v. State, supra; Berry v. State, 54 Okla. Cr. 154, 18 Pac. (2d) 285.

Defendant argues that the court erred in his instructions defining and applying the law of criminal liability in a case of second-degree manslaughter caused by an automobile collision. No exceptions were taken to the instructions then given, and no request was made for any additional instructions. The assignment in the motion for new trial points out no particular charge, but is merely: "The court erred in giving instructions numbers 1 to 16 inclusive."

No assignment is made in the petition in error on this point. It is well settled that in cases less than capital, errors, not jurisdictional or fundamental, unless incorporated in the motion for new trial, the ruling thereon excepted to and the error assigned in the petition in error, will not be considered on appeal. We perceive no material error. The case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.