Daniel Richard DAVIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–27.

Court of Criminal Appeals of Oklahoma.

May 29, 1974.

Stephen Jones, Mary E. Bane, Enid, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

The appellant, Daniel Richard Davis, hereinafter referred to as defendant, was charged, tried and convicted in District Court, Comanche County, Case No. CRF–73–9, with the crime of Murder in violation of 21 O.S.1971, § 701 (repealed May 15, 1973). In accordance with the verdict of the jury, he was sentenced to serve a term of life imprisonment in the state penitentiary, and a timely appeal has been perfected to this Court.

The Information filed in the above case originally charged one John Leggett and one Arnold Beaudin as co-defendants with defendant Davis in the murder of Claudia "Buttons" Crumpler. Both Leggett and Beaudin entered a plea of guilty to the lesser included offense of Manslaughter in the First Degree prior to defendant's trial. At that trial, the same John Leggett was the principle witness against the defendant. He testified that in the early morning hours of January 5, 1973, he, Beaudin, and the defendant drove from the City of Lawton to the City of Anadarko for the purpose of locating and burglarizing a certain automobile. They took with them a girl whom Beaudin testified he knew only as "Buttons." Leggett testified that after they located the automobile he, Beaudin, and the girl "Buttons" waited together about three hundred yards away while the defendant burglarized that automobile and set fire to it. The witness testified that Beaudin was angry and upset that the car had been burned and that he himself was under the influence of the drug Mescaline. A conversation ensued in which the three men discussed the problem created by the presence of a witness to that incident. As a result of that conversation, Leggett stated " . . . we all agreed, you know, that we would leave no witnesses . . . ." (Tr 83) The defendant, Davis, immediately acted upon this decision by hitting the girl in the throat a number of times with what the witness described as "karate chops." Following that attack, Leggett handed the defendant an electrical cord from the back seat of the car in which they were riding Davis put it around the girl's neck and pulled one end of the cord while Beaudin, seated on the other side of the girl, pulled the other end. The three men left the girl's body in a drainage ditch by the side of the road.

The deputy sheriff of Comanche County testified that he was directed to the location of a body, later identified as that of Claudia Crumpler, by a telephone call from a citizen who discovered the body. The body was taken to Lawton Memorial Hospital where an autopsy was performed which disclosed that the cause of death was ligature strangulation. Deputy Sher-

iff Banks of Comanche County also testified that his investigation into the death of Claudia Crumpler led to the arrest of John Leggett and thereafter to the arrest of the defendant Davis. Following his arrest the defendant gave investigating officers a statement wherein he admitted strangling the girl with an electrical cord until she was unconscious and then hitting her in the throat three or four times to make sure she was dead. In that statement, however, the defendant contended that he had been forced by John Leggett to attack the girl. The defendant's statement, which had been transcribed, signed by him and notarized, was admitted into evidence and read to the jury following a hearing on its admissibility outside the presence of the jury.

■ The defendant's first proposition urges that the trial court erred in overruling defendant's motion to quash the jury panel for the reason that the method used to select that panel, while in substantial compliance with the statutes in force at the time, denied him a trial by an impartial jury as well as equal protection of the laws. This is so, he contends, because Ft. Sill, a military reservation located within Comanche County, has approximately 9,000 residents who are not listed on the State ad valorem tax records and not eligible for jury duty unless they affirmatively list their personal property on the tax roll. The defendant has not shown this Court how he was prejudiced by the method used to select the jury panel or how trial by a jury drawn from such a panel denied him the right to trial to an impartial jury. Further, he has shown no reason why we should now depart from prior decisions of this Court upholding the constitutionality of the former statutory method of jury selection. See e. g. Lee v. State, Okl.Cr., 513 P.2d 125 (1973); Stevenson v. State, Okl.Cr., 486 P.2d 646 (1971); Walls v. State, Okl.Cr., 485 P.2d 477 (1971); Porter v. District Court of Oklahoma County, Okl.Cr., 462 P.2d 338 (1969).

Absent such a showing, we are not persuaded to reconsider our decision in Lee v. State, supra, wherein we held that the de facto exclusion from selection for jury service of those residents of Ft. Sill who did not affirmatively list their personal property on the tax roll, did not deny the defendant a trial by impartial jury, nor deprive him of equal protection of the law.

■ We next consider defendant's contention that the trial court committed error in failing to suppress the extrajudicial statement made by the defendant and admitted into evidence against him. There is no error. It is uncontested that at the time of his arrest, at approximately 10:00 or 11:00 a.m. on January 8, 1973, the defendant was given his Miranda warnings by the arresting officers. He was taken to the Comanche County Sheriff's office and signed at that time a waiver of those rights. No attempt was made by the officers to question the defendant either immediately after his arrest or after the signing of the rights waiver at the sheriff's office. Later that same day at the initial appearance in the case, the defendant informed the court he did desire to have counsel appointed for him. Again, no attempt was made to question the defendant. Maybelle Frye, Deputy Sheriff of Comanche County and matron of the Comanche County Jail, testified that at some time prior to 9:00 a. m. the following morning, the defendant contacted her and stated that he wanted to go downstairs and talk to the deputies. As a result of that request, the defendant was taken down to the sheriff's office and was again fully advised of his Miranda rights. After he was so advised, the defendant gave the contested statement. The defendant contends, in essence, that once there has been a request for an attorney a subsequent intelligent waiver of the right to counsel is impossible and any statement obtained in the absence of counsel must be suppressed. We cannot agree. The officers here made no attempt to interrogate the defendant following his request for appointed counsel; the defendant himself initiated the contact with the officers; he did so within a short time after his request for counsel; prior to making the statement

which resulted from that contact he was again advised of his rights including the right to have counsel appointed prior to questioning. We conclude that under the facts of the instant case, the State met its burden "to demonstrate that the defendant knowingly and intelligently waived his . . . right to retained or appointed counsel." Miranda v. Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966), and that the trial judge correctly ruled that the defendant waived his constitutional privilege. See United States v. Anthony, 474 F.2d 770 (5th Cir. 1973).

We are also unpersuaded by defendant's argument that his conviction may not be affirmed because it is based upon the unsupported testimony at trial of an accomplice. In support of that argument, the defendant relies upon the case of Rider v. State, Okl.Cr., 494 P.2d 347 (1972), wherein this Court stated:

"As to the adequacy of the corroborative evidence, this Court has held, that the corroborative evidence must of itself, and without the aid of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the offense; and independent evidence merely consistent with the main story is not sufficient to corroborate if it requires any part of the accomplice's testimony to make it tend to connect the defendant with the crime. Such evidence need not of itself be sufficient to establish defendant's guilt, but there must be some evidence independent of the accomplice's testimony, which tends to connect the defendant with the offense committed. Further, the evidence independent of the testimony of the accomplice must tend to connect defendant with the crime itself, and not simply with its perpetrators. The corroborating evidence may be sufficient, although by itself slight, but it is not sufficient if it merely tends to raise a suspicion of guilt. Kirk v. State, 10 Okl.Cr. 281, 135 P. 1156 (1913). The accomplice's testimony need not be corroborated in detail, but testimony of accomplice must be corrob-

orated by such other evidence of material parts of his testimony as will tend to connect the defendant with commission of the offense. Sanders v. State, Okl. Cr., 341 P.2d 643 (1959)."

We have no doubt that the evidence in the instant case meets the standards enunciated in Rider, supra. The defendant's own statement, which was properly admitted into evidence against him, supports in substantial measure the testimony of the accomplice Leggett concerning the events leading up to the death of Claudia Crumpler, and constitutes sufficient independent evidence to connect the defendant with the commission of the offense.

The defendant's final complaint is that he was forced to trial upon a higher degree of unlawful homicide than that of which he had been apprised and was prepared to defend. While this is an allegation of the greatest error, it is not supported by the record. Originally, the defendant Davis, Leggett and Beaudin were jointly charged in a single Information which correctly charged each element of the crime of Murder. Thereafter, on March 5, 1973, both Beaudin and Leggett entered a plea of guilty to Manslaughter in the First Degree. Immediately prior to the time those pleas were entered, the State prepared and filed a second Information in the case. The charging of that second Information omitted the element of premeditated design to effect death and charged Manslaughter in the First Degree stating:

" . . . that and within said County and State, on or about the 5th day of January, 1973, Arnold Edwin Beaudin, Daniel Richard Davis, and John Lynn Leggett, conjointly and while acting together than and there being, did then and there, wilfully, unlawfully and wrongfully and feloniously make an assault without justifiable or excusable cause upon one Claudia Jasmine Crumpler with a certain dangerous and deadly weapon, towit: a length of cord held in the hands of the said defendants, and did

then and there feloniously without justifiable or excusable cause, did strangle the said Claudia Jasmine Crumpler thereby inflicting certain mortal wounds upon the body of the said Claudia Jasmine Crumpler, of which mortal wounds the said Claudia Jasmine Crumpler did then and there languish and die, . . . "

The caption of the above Information named only Beaudin and Leggett; Davis was neither named in the caption nor provided a copy. The following day on March 6, 1973, the defendant Davis filed a Motion to Quash the Information in the case stating in that motion that he was charged with the crime of Murder. On the same day he filed an amended motion for a continuance of the trial which was then set for March 19, 1973, stating in that motion that he was charged by felony information with the crime of Murder. Those motions and others were argued before the trial court on March 9, 1973. Thereafter, on June 15, 1973, the State filed a receipt signed by the defendant Davis acknowledging a copy of "Notice and Service of List of Additional Witnesses". That notice, also filed on June 15, states in relevant part, "You are hereby notified that the State of Oklahoma, upon trial scheduled for 21st June, 1973, in which numbered case you, DANIEL RICHARD DAVIS, are charged with Murder, . . ." An identical notice listing still further witnesses was filed three days later on June 18, 1973, along with a receipt signed by the defendant Davis. At the time of trial, the prosecuting attorney read to the jury the first Information filed in the case. Defense counsel strenuously objected stating that the defendant was charged only with the crime of Manslaughter in the Information filed March 5, 1973, and contended that the defense was surprised and unprepared to defend a charge of Murder. The defense motion for a continuance upon that basis was overruled by the trial judge and the trial proceeded upon the charge of Murder.

■■ There is no doubt that the original Information which charged the three co-defendants with conjointly committing an unlawful homicide with a premeditated design to effect the death of the deceased included every degree of unlawful homicide and would sustain a conviction thereunder of Manslaughter in the First Degree. See e. g. Rhea v. Territory, 3 Okl. Cr. 230, 105 P. 314 (1909); Jenkins v. State, 57 Okl.Cr. 45, 45 P.2d 161 (1935); Pritchett v. State, 79 Okl.Cr. 401, 155 P.2d 551 (1945). For that reason a plea of guilty to the included offense of Manslaughter in the First Degree could properly have been entered under the original Information. The filing of the second Information as to Beaudin and Leggett was therefore unnecessary. We disagree, however, with the defendant's appraisal of the effect of filing that second Information. It is clear from the record that the State did not intend to abandon the charge of Murder against the defendant Davis. It is also clear that the defendant Davis was not misled to his detriment by the filing of that Information. The record reveals that both State and the defendant Davis proceeded under the original Information charging Murder up to the time the prosecuting attorney made his opening statement at the trial. The defendant's entire argument is that he in good faith believed that he was charged with Manslaughter in the First Degree and consequently was unprepared at the time of trial to defend the charge of Murder. That argument is, upon the record of this case, without merit. The defendant was fully and effectively advised by Information that the charge against him was Murder and the court committed no error in permitting his trial to proceed upon that charge without granting him a further continuance.

For the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same hereby is, affirmed.

BLISS, P. J., and BUSSEY, J., concur.