Jerry L. PORTER and Billy Ray Keegan, Petitioners,

v.

DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma, and the Honorable Carmon C. Harris, District Judge, Respondents.

No. A–15543.

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1969.

Don Hamilton for petitioners.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., D. K. Cunningham, Asst. Dist. Atty., for respondents.

PER CURIAM.

This is an original proceeding in which Jerry L. Porter and Billy Ray Keegan have petitioned this Court for a Writ of Prohibition to prevent the District Court of Oklahoma County, Oklahoma, from bringing them to trial before a jury which they claim has been selected illegally. Petitioners have been charged in the District Court of Oklahoma County with the offense of burglary in the second degree, Case No. CRF 69–1272. On August 4, 1969, petitioners appeared before the respondent judge on their motion to quash the jury panel for the reason that its selection violated Oklahoma statutes and the Constitutión of the United States. After a hearing on the petitioners' motion, respondent judge denied the same and set

the case for trial on September 17, 1969. The instant petition was then filed with this Court, set down for hearing before the Court Referee on September 15, 1969, and the Court then assumed jurisdiction for the purpose of making a determination of the merits of the petition.

It is petitioners' first proposition that any procedure which requires an accused to be tried by a jury which is composed solely of taxpayers is not truly representative of the community and thus unconstitutional. Petitioners argue that those persons who are without means to own land and property may well feel that it is improper and prejudicial for them to be tried solely by the "landed gentry." In support of this proposition, petitioners cite the case of Rabinowitz v. United States, 366 F.2d 34 (5th Cir., 1966), which held that:

"The federal statutes themselves were intended to insure that a fair cross-section of the community was placed on federal juries." 366 F.2d, at 58.

It is quite apparent, however, that the *Rabinowitz* case was limited to the selection of federal juries under 28 U.S.C.A. §§ 1861 to 1864, and is not applicable in consideration of the procedure for selection of juries for Oklahoma state courts. Thus, *Rabinowitz* is considerably less than persuasive authority for this contention.

■ In Acuff v. State, Okl.Cr., 283 P.2d 856 (1955), this Court held after a consideration of Oklahoma statutes providing for a selection of the jury panel that:

"[I]t is apparent that neither the constitutional nor statutory provisions require that to be eligible to sit as a juror a citizen must be a taxpayer. It is true that the legislature in its wisdom provided that qualified jurors be selected from the tax rolls, but if citizens otherwise qualified, do not have their names on the tax rolls it seems obvious that it would be because by their own negligence or indifference they failed to list their property, however meagre. They, therefore, have only themselves to blame if their names do not appear on the tax rolls and on the jury rolls.

"The idea that the above statutory provisions violate the Fourteenth Amendment to the Constitution of the United States is rejected. [citations]" 283 P.2d, at 864.

Petitioner has offered nothing which would indicate that this Court should reconsider its decision in the *Acuff* case wherein it was concluded that the Oklahoma statutes providing for jury selection do not violate the United States Constitution. Furthermore, we do not find, nor do the petitioners suggest, how the Oklahoma statutes violate the Constitution of the State of Oklahoma. We, therefore, reject the petitioners' contention that 38 O.S. 1961, § 33, is unconstitutional.

■ It is petitioners' second contention that if 38 O.S.1961, § 33, is constitutional, the jury panel before which they are scheduled to be tried was illegally selected as it failed to comply with the provisions of this statute. A transcript of the August 5, 1969, hearing on petitioners' motion before respondent judge shows that a deputy county assessor and two deputy court clerks from Oklahoma County testified regarding the procedure used to list qualified jurors for the jury panel in this case. The testimony of these witnesses clearly indicates that the present practice is to use the county assessor's list of homestead exemptions in order to ascertain all persons qualified for jury service within the county. The deputy county assessor testified as to the source of the names for the jury list as follows:

"A. Well, when they file homestead application, that is where our file is created from, from the homestead accounts. These are the people that are selected for jury.

"Q. If you don't file homestead exemption, you are not on this list?

"A. That's right."

Furthermore, the testimony shows that only those names on the homestead exemption list who owe taxes end up on the jury list.

Title 38 O.S.1961, § 18, provides that in November of each year certain county officials or their deputies shall meet "and select from the list of qualified jurors, as prescribed by this chapter, of such county as shown by the *tax lists* in the County Assessor's office for the current year, all qualified jurors for service" on court juries in the county. Title 38 O.S.1961, § 33, provides that:

"For the purpose of ascertaining the names of all persons qualified for jury service, it hereby is made the duty of the County Assessor of each county to cause to be provided, on the forms for the listing of *real and personal property* for taxation, space for the taxpayer to list thereon his age, name and age of spouse and actual place of residence, and in addition thereto and on the forms for listing of personal property for taxation, space for the taxpayer to list thereon the name and sex of his or her spouse, * *. [I]n each case where the County Assessor shall assess any *real or personal property* to any taxpayer when the taxpayer has omitted to list the same, the County Assessor shall, to the best of his ability, ascertain and list the aforesaid information as to the spouse of the taxpayer. All names, and the addresses of the persons so named, shall be available thereafter for selection for jury service in the same manner as persons shown upon the tax lists in the Assessor's office." (emphasis added)

We think it apparent from a review of these statutes that it was the legislative intent that for the purpose of ascertaining the names of all persons qualified for jury service, the "tax lists in county assessor's office for the current year" shall be used. In the instant case, the testimony of the responsible county officials indicates that a list of homestead exemption applicants owing taxes does not exhaust all tax lists in the assessor's office. Many people pay real property and personal property tax although they may not have a homestead exemption. Certainly, the statutes are clear in indicating that those persons assessed any "real or personal property" tax should be placed on the list of all persons qualified for jury service. It is thus apparent that the jury list in the instant case reflecting only one tax list, that of homestead exemptions, to the exclusion of other lists of the county assessor of county citizens assessed taxes, is contrary to the statutory intent.

■ We therefore conclude that the jury panel in the instant case was not selected from a list compiled according to the requirements of 38 O.S.1961, §§ 18 and 33. . However, at the same time, the petitioners have not shown this Court how they are prejudiced by the procedure used to draw up the list of prospective jurors or how trial by a jury drawn from said list would deny them the right to a trial by an "impartial jury" guaranteed in the Oklahoma Constitution, Article II, Section 20. Since several defendants other than these petitioners have been tried by petit juries selected from the same jury panel in question, and since other defendants have undoubtedly been convicted before juries selected in a similar manner, we conclude that it is not necessary to void a proceeding before a jury so selected unless the accused can convince this Court that they were in some way prejudiced. The fact that taxpayers, other than those with homestead exemptions, were not included on the jury list does not show prejudice. An accused is not entitled to have a representative of such a group, or any group, present on his jury. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1964). Absent a showing of prejudice, petitioners are not entitled to prohibition from trial before a jury selected from this panel. Furthermore, the jury panel attacked in this proceeding was dismissed and discharged from further jury

service. Accordingly, the writ must be denied.

 However, it is the appellate court's duty to see that a jury is empaneled according to the law where the trial court fails to do so. Hammers v. State, Okl.Cr., 337 P.2d 1097 (1959). Highers v. State, Okl.Cr., 337 P.2d 1112 (1959). Accordingly, the District Court of Oklahoma County, Seventh Judicial District of Oklahoma, is admonished to enforce the legislative intent expressed in 38 O.S.1961, §§ 33 and 18, that in the future the list of qualified jurors reflect all tax lists in the county assessor's office for the current year. Needless to say, mandamus would lie to compel the appropriate officials to perform their legal duty.

This application was referred to Court Referee, Mr. Penn Lerblance, and his findings and conclusions of law set forth herein, after careful consideration, have been adopted by the Court.

Writ denied.