**Wayne Schirvin SCHAPANSKY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15408.**

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Rehearing Denied Jan. 13, 1971.

Blumenthal & Gray, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Wayne Schirvin Schapansky, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Burglary in the Second Degree; his punishment was fixed at two years imprisonment, and a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that a candy and cigarette machine were broken into in the early morning of March 22, 1969, at a service station in Oklahoma City. The owner and an employee of the station testified that the

fronts of the machines had been pried off and Three Musketeers candy bars, cigarettes, and money were missing.

Officer Doughty testified that he stopped the defendant and Clevey Campbell on the same morning for a traffic violation and that he observed a Three Musketeers candy box in the front seat of the defendant's car. Officer Burke, a fingerprint technician, obtained two latent prints from the inside cover of the cigarette machine. These prints were subsequently identified as the defendant's. Officer Parsons attempted to arrest the defendant, a scuffle developed, and the defendant ran from the scene. The officer fired two warning shots and apprehended the defendant in the next block. The defendant had $13.40 in nickels, dimes and quarters, on his person.

The defendant admitted being at the service station with Clevey Campbell. He stated that Campbell broke into the machines and his only participation was "taking the cover from the machine and setting it against the wall." (T 43). He then left the station to make a telephone call. Williams carried a box of Three Musketeers candy to his car and he went home. He stated that he ran from the officer because he was scared. His explanation of the $13.-40 in change was that his girlfriend had col-lected the money for him at school from other students.

The defendant's first proposition of error contends that the verdict of the jury was contrary to law. The defendant alleges that the court erred in giving the instructions to the jury. His primary objection is that the court gave two identical instructions.[1] The first paragraph of both instructions is verbatim 21 O.S.1961, § 1435, and the second paragraph is verbatim from the Syllabus of Garrett v. State, Okl.Cr., 350 P.2d 983. We note that the defendant did not object to these instructions at the trial.[2]

This Court has consistently held that:

"Where counsel is not satisfied with instructions that are given, or desires court to give any particular instruction, or to more definitely or sufficiently state any propositions embraced in instructions, it is the duty of counsel to prepare and present to the court such desired instructions and request that it be given, and in absence of such request [Court of Criminal Appeals] will not reverse case if instructions generally cover subject matter of inquiry."

1. Instruction No. 3: "The Statutes of this State provide: Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.
The 'breaking and entering' necessary to constitute burglary may be any act of physical force, however slight, by which the obstruction to entering is forcibly removed, and the opening of a closed door in order to enter a room of a building may constitute a 'breaking.' "
Instruction No. 10: "The Statutes of this State provide: Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.
The 'breaking and entering' necessary to constitute burglary may be any act of physical force, however slight, by which the obstruction to entering is forcibly removed, and the opening of a closed door in order to enter a room of a building may constitute a 'breaking.'
Burglary in the second degree is punishable by imprisonment in the State Penitentiary not to exceed seven years, or not less than two years."

2. "Let the record show that counsel agreed to the Instructions except the defendant wanted to take an exception to Instruction number nine." (T 59).

Clark v. State, Okl.Cr., 383 P.2d 236. See also Carter v. State, Okl.Cr., 376 P.2d 351; Wolf v. State, Okl.Cr., 375 P.2d 283; Buie v. State, Okl.Cr., 368 P.2d 663.

It is the opinion of this Court that the instructions generally cover the subject matter of inquiry. We, therefore, find this proposition to be without merit.

■■ The defendant's next proposition alleges that the "verdict of the jury was contrary to the facts." We have carefully reviewed the entire record and conclude that it is readily apparent that the evidence offered on behalf of the State, although in conflict with the evidence offered on behalf of the defendant, was sufficient, if believed, to support the verdict of the jury. The defendant testified that "After he had broke open the machine, I took the cover of the machine and set it at the side of the wall and then I turned around and left and went to the phone booth which was right next to the cage." (T 43). We are of the opinion that this statement, combined with the evidence in chief presented by the State, if believed, was sufficient to support the verdict. This Court recently stated, in Gray v. State, Okl.Cr., 467 P.2d 518:

> "We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

See also Ferrell v. State, Okl.Cr., 475 P.2d 825; Music v. State, Okl.Cr., 396 P.2d 894. We thus are of the opinion that this proposition is without merit.

■ The defendant's final proposition contends that the jury was improperly empaneled denying the defendant a fair trial as provided by the laws of the State of Oklahoma. He alleges that the jury panel was, in fact, drawn from the County Assessor's list of real property owners rather than from the listing of real and personal property owners as required by 38 O.S. 1949, § 18, and 33 O.S.1958, § 33. There is nothing in the record to indicate that the jury panel was drawn in the manner alleged by the defendant. We further note that the record does not indicate that the defendant objected to the jury panel prior to trial by filing a Motion to Quash. In Shapard v. State, Okl.Cr., 437 P.2d 565, we stated in the fourteenth paragraph of the Syllabus:

> "Defendant's failure to file Motion to quash prior to empaneling of jury, failure to call motion to attention of trial court and to request hearing thereon constituted waiver or abandonment of alleged errors in calling jury panel and would not be considered on appeal."

See 38 O.S.1949, § 29.

We further observe that the defendant has not shown that he was prejudiced by the alleged improper empaneling of the jury panel as required by this Court in Porter v. District Court of Oklahoma County, Okl.Cr., 462 P.2d 338. In accordance with the authority above set forth, we are of the opinion that this assignment of error is without merit.

In conclusion, we observe that the evidence amply supports the verdict of the jury, the record is free of any error which would justify modification or reversal, the punishment imposed is the minimum possible for Burglary in the Second Degree, and for these reasons, the judgment and sentence appealed from is

Affirmed.

BRETT, P. J., and NIX, J., concur.