James Argle **WALLS** and Jack Ray Hodges, Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15729.

Court of Criminal Appeals of Oklahoma.

May 12, 1971.

Red Ivy, Chickasha, for plaintiffs in error.

G. T. Blankenship, Attorney General, Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiffs in error, James Argle Walls and Jack Ray Hodges, hereinafter referred to as defendants, were jointly charged by information with the crime of Burglary Second Degree in the District Court of Grady County, Case No. CRF–69–152. They were found guilty by a jury verdict which fixed punishment at four (4) years imprisonment for each defendant. Judgment and sentence was imposed accordingly on November 10, 1969, and this appeal perfected therefrom.

Since defendants do not contest the sufficiency of the evidence, it is not necessary to summarize the testimony. The only issue urged by the defendants is the constitutionality of Title 38, O.S.1961, § 33, which provides that the names of persons to be called for jury service shall be drawn from the county assessor's lists of those paying real and personal property tax in the county. Defendants contend that this statute is discriminatory per se and violates the due process of law clause of the Fourteenth Amendment of the United States Constitution. In support, defendants cite only two cases: Adamson v. California, 322 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903 (1947), which holds that due process protects "against an unfair conviction;" and, Whippler v. Dutton, 391 F.2d 425 (5th Cir. 1968), which involved jury selection from segregated tax records that amounted to a "systematic exclusion of Negroes from jury service by reason of their race." 391 F.2d at 429. These cases are not directly applicable to the instant situation as systematic racial exclusion is not the issue. Rather the question is whether the Oklahoma statutory procedure unconstitutionally excludes non-taxpaying citizens from jury service to the prejudice of a criminal record.

This issue is not new and was recently ruled on in Porter v. District Court, Okl. Cr., 462 P.2d 338 (1969), which involved a burglary charge:

"The Oklahoma statutes providing for listing qualified jurors in the county as shown by the tax lists of the County Assessor's office for the current year on court juries in the county, and that the names for said list shall come from the listing and assessments of real and personal property for taxation, are constitutional." 462 P.2d at 339.

The Porter decision relied upon this Court's previous decision in Acuff v. State, Okl.Cr., 283 P.2d 856 (1955), which held:

"The idea that the above statutory provisions [38 O.S., §§ 33 & 18] violate the Fourteenth Amendment to the Constitution of the United States is rejected." 283 P.2d at 865.

This Court as presently constituted adheres to the Porter and Acuff decisions

and therefore finds no merit to defendant's contention.

Finding no reason to the contrary the judgment and sentence is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.