John Hutson SHEPHERD, Plaintiff
in Error,

v.

The STATE of Oklahoma, Defendant
in Error.

No. A–16323.

Court of Criminal Appeals of Oklahoma.
Sept. 15, 1971.

Rehearing Denied Oct. 21, 1971.

Gene Stipe, McAlester, for plaintiff in error.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

John Hutson Shepherd, hereinafter referred to as the defendant, entered a plea of guilty to the charge for Shooting with Intent to Kill in the District Court of Caddo County, Oklahoma. Defendant's guilty plea was entered September 28, 1970; sentencing was set for October 9, 1970. On October 9, defendant appeared for sentencing, and asked to withdraw his plea of guilty. The motion was overruled, and punishment was accessed by the court at a term of five years in the state penitentiary; from said judgment and sentence, a timely appeal has been perfected to this Court.

The record reflects that on January 7, 1970, the defendant was charged by Information with the crime of Shooting with Intent to Kill. Defendant was sent to Fort Supply during the month of January for mental observation. On February 5, Dr. William Blyth, acting superintendent at the Fort Supply Hospital, stated in a letter subscribed and sworn to, that defendant had been examined and interviewed by the staff, and that his mental status examination elicited no psychotic symptoms. He was found to be in good contact with reality, and there was no evidence of ideas of reference looseness of association, disorganization of thought processes, delusions, or hallucinations. Defendant was further found to be competent in the legal sense of the term, and he knew right from wrong, and was capable of assisting in his own defense. A jury term was scheduled in the District Court in Caddo County for the first part of February, and the letter was received a few days after the jury term

had started. On March 20, 1970, the defendant was arraigned, represented by counsel, and entered a plea of not guilty. The case was set for the next docket, which commenced in September.

On April 8, defendant went to Dr. A. A. Hellams, a private psychiatrist for professional services. The defendant visited him eight times in four months, from April 8, through July 29.

The docket for the September term of the District Court wherein the defendant was charged was announced on September 1, and the defendant's case was set for trial September 14. On September 2, defendant saw Dr. Hellams, and stated in reference to the crime for which he was to be tried, that "the time was getting closer." Dr. Hellams recommended that the defendant "come into the hospital real soon," because the defendant was "a little more frustrated and depressed," and because of the danger of possible suicide. The defendant entered the hospital on September 9.

On September 14, two attorneys appeared for the defendant and asked for a continuance until September 21. On September 21, defense counsel appeared again, and asked for another continuance, because defendant was in the hospital. A second continuance was granted until September 28, the latest the trial could be had during the jury term. At the second request for a continuance, defense counsel presented the testimony of Dr. A. A. Hellams, who testified that at the present time, defendant was "a little too depressed to be capable of engaging in a jury trial, during which time he must consult with his attorney." The psychiatrist further testified that he was treating the defendant for a condition of frustration and depression, and that defendant's anti-depressant medication was doubled, and tranquilizers were increased on September 12. Dr. Hellams stated that as the time for this case approached for trial, the defendant would suffer from hypertension, frustration, and depression.

He also stated that in his expert opinion, under the defendant's present condition and with the medication he was taking, that it would not be fair to the defendant to communicate with his counsel in trial of his own defense. "I think in a couple of weeks O.K."

On September 28, the third date set for trial, defendant appeared with his two attorneys, and asked the court's permission to withdraw a former plea of not guilty, and to enter a plea of guilty. The court explained the consequences of his acts, and tried to make certain that the defendant understood what he was doing. His plea of guilty having been accepted, the court postponed his sentencing until October 9. (Tr. 49)

On October 9, the defendant appeared with a new attorney, requesting permission of the court to withdraw the plea of guilty. The evidence presented to substantiate the withdrawal of the guilty plea was the testimony of the defendant's wife. She stated that on September 28, when the defendant entered his guilty plea, he was taking medicine every four hours, and had not adequately conferred with his attorneys.

The Judge ruled that he felt the defendant was questioned in considerable detail, and the court felt that from the questioning, both by the court and by the counsel for the defendant, the defendant knew what he was doing. The court said that there was no question but that he had been taking some tranquilizers and some pills, but that the court was convinced that at the time, defendant was aware of the nature and consequences of his acts. The court overruled the Motion to Withdraw the Plea of Guilty, and sentenced the defendant to five years in the state penitentiary.

The sole proposition asserts that the trial court erred in overruling defendant's motion to withdraw his plea, because the defendant did not enter a voluntary plea. He argues that the plea was not voluntary, because of his mental condition, and that

he was under the influence of tranquilizing drugs. The record reflects that the trial court was meticulous in its efforts to apprise the defendant of every requirement set forth by this Court in the landmark case of Copenhaver v. State, Okl.Cr., 431 P.2d 669. The transcript of the plea of guilty covers some fifteen pages wherein questions were propounded to the defendant by both the trial court and his two attorneys as to his understanding of his constitutional rights, and as to his guilt in the offense charged.

The trial court after hearing testimony as to the motions to withdraw the plea of guilty, made the following ruling:

[THE COURT]: "Let the record show that the testimony of the doctor is received in evidence and admitted.

In regard to this motion to withdraw plea, this case was originally set for trial on September 14th. The defendant had counsel of his own choice. He had two very competent lawyers— Mr. Leslie Pain of Anadarko and Mr. George Miskovsky and Mr. Cooper. Both represented him throughout the entire proceedings. It appeared on the morning of the 14th of September, set for trial and filed a motion for continuance and a continuance was granted for a week. They appeared at the end of that week which was on the 22nd, I believe, or the 21st, and again asked for another week, the latest we could have the trial during the jury term. The record will reflect in detail what occurred on the morning that the defendant pled guilty, or afternoon. The record will reflect that when the defendant was questioned in considerable detail, and the Court got the impression from the questioning both by the Court and by counsel for the defendant —his own counsel—that he knew what he was doing. There is no question but what he had been taking some tranquilizers and some pills, but the Court was convinced at the time that he was aware of what he was doing. At that time the District Attorney's office recommended—made his recommendation to the Court which was in accordance, as I understand it, with defendant's counsel then.

I am going to overrule your motion and give you an exception." (Tr. 62–64)

 This Court has repeatedly held that the granting or denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter which rests with the sound discretion of the trial court and its action will be upheld, unless an abuse of its discretion clearly appears in the record. Schapansky v. State, Okl.Cr., 478 P.2d 912.

 We are of the opinion, after carefully reviewing the record, that although the defendant was taking medication, that he did, in fact, fully understand the consequences and nature of entering a plea of guilty, and that the plea was voluntary. Had the trial court not been so meticulous in ascertaining the defendant's knowledge of the consequences of such plea, our opinion under such circumstances would be to the contrary. We further observe that there was no mention of any valid defense which was alleged if the defendant was allowed to withdraw his guilty plea. The judgment and sentence is affirmed.

BRETT and NIX, JJ., concur.