Ted Arthur **HUBERT**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17850.

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1972.

Lonny G. Long, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Ted Arthur Hubert, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Comanche County for the offense of Sale of Marijuana. His punishment was fixed at five (5) years imprisonment and a fine of Seven Hundred Fifty Dollars ($750.00), and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Glenn Skaggs testified that on January 11, 1972 he was working as an undercover narcotics agent assigned to the Criminal Investigation Division at Ft. Sill, Oklahoma. He and Criminal Investigator Teppe went to a building on the military reservation to contact one Gary Benacki, a Ft. Sill soldier, who had been selling them drugs. They picked up Benacki and, at his direction, proceeded to 2012½ C Avenue in Lawton. Benacki went into the residence. A short time later, Benacki came back to the car and they all went into the house. He introduced them to the defendant and then purchased two "lids" of marijuana from the defendant, paying him Thirty Dollars ($30.00). The suspected marijuana was subsequently turned over to Detective Rutledge of the Lawton Police Department. He identified State's Exhibit 1 as the "baggies" that he received from the defendant.

Detective Rutledge testified that he and Inspector Holt followed Skaggs, Teppe and a third person to 2012½ C Avenue in Lawton. He observed them go into the house. They followed them back to Ft.

Sill and he received two "baggies" of a green, grassy substance from Skaggs and Teppe. Subsequently, he mailed the material to the Oklahoma Bureau of Investigation for analysis.

John McAuliff, a chemist for the Oklahoma State Bureau of Investigation, testified that he conducted certain tests on State's Exhibit 1 and found that the same contained marijuana.

Sidney Holt testified that he was a CID agent assigned to Ft. Sill. On January 11, 1972, he contacted Detective Rutledge and he, Skaggs, Teppe and Rutledge met together at the CID office. He and Rutledge followed Teppe, Skaggs and Benacki to the address in Lawton.

The defendant did not testify nor was any evidence offered in his behalf.

The defendant asserts two assignments of error, both dealing with the admissibility of the evidence. Defendant argues that the military CID agents were incompetent as witnesses by virtue of a federal prohibition against them acting as a *posse comitatus*. Title 18 U.S.C., Section 1385, provides as follows:

"Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both."

We are of the opinion that both propositions are without merit. *Posse comitatus* is defined in Black's Law Dictionary as follows:

"The power or force of the county. The entire population of a county above the age of fifteen, which a sheriff may summon to his assistance in certain cases; as to aid him in keeping the peace, in pursuing and arresting felons, etc."

The evidence adduced that the Lawton law enforcement authorities did not summon the military agents' assistance. To the contrary, Detective Rutledge was contacted by Agent Holt. The agents were investigating

a soldier from Ft. Sill from whom they had previously purchased narcotics and proceeded to determine his source of supply. The soldier led the agents to a location outside the scope of their military jurisdiction, at which time the agents assumed no greater authority than that of a private citizen.

We further observe that neither statutory provision concerning competency of witnesses, 22 O.S., § 702, nor 12 O.S., § 385, provides that military personnel are incompetent as witnesses.

The judgment and sentence is, accordingly, affirmed.

BLISS and BRETT, JJ., concur.