Ronald A. LEE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18091.

Court of Criminal Appeals of Oklahoma.

Aug. 3, 1973.

Rehearing Denied Aug. 22, 1973.

Stephen Jones, Enid, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Ronald A. Lee, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Comanche County, Case No. CRF–72–356, for the offense of Illegal Delivery of Marijuana. His punishment was fixed at seven (7) years imprisonment and a fine of four thousand dollars ($4,000) and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the propositions asserted, we do not deem it necessary to recite a detailed statement of the facts. The State's evidence revealed that on May 5, 1972, at approximately 8:00 p. m., Larry Hugh Smith, Provost Marshal's Investigator for the CID Office, Fort Sill Military Reservation, met with Sergeant Ronald Rutledge of the Lawton Police Department and was given twenty-six dollars ($26) by Sergeant Rutledge in city funds and instructed to go to the defendant's trailer house and purchase some drugs. After receiving the twenty-six dollars ($26), Smith proceeded to the defendant's trailer house where he purchased a plastic baggie containing a green vegetable substance, paying the de-

fendant twelve dollars ($12). Smith then returned with the substance and met Officer Rutledge where the substance was placed into an evidence envelope and sealed. The Oklahoma State Bureau of Investigation determined that the vegetable substance was cannabis sitava (marijuana).

For the defense, the defendant and his wife both testified that they had not seen Smith at any time on the 5th day of May 1972, nor had Smith purchased any marijuana from the defendant on that day. The defendant presented two other witnesses who testified as to his good reputation in the community.

■ The defendant's first proposition asserts the trial court erred in overruling defendant's motion to suppress the testimony of military agent, Larry Smith. Defendant argues that the military CID Agent Smith's testimony was incompetent by virtue of a federal prohibition against him acting as a *posse comitatus*. Title 18, U.S.C. Section 1385, provides:

"Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both."

The question of the competency or incompetency of a military CID agent to testify because of the above statute has been answered by this Court in the case of Hubert v. State, Okl.Cr., 504 P.2d 1245 (1972) where this Court stated:

"We further observe that neither statutory provision concerning competency of witnesses, 22 O.S., § 702, nor 12 O.S., § 385, provides that military personnel are incompetent as witnesses."

The record in the instant case reveals that agent Smith did not assume any greater authority than that of a private citizen in purchasing the marijuana in the instant case. Agent Smith did not attempt to arrest the defendant, nor did he attempt to assert any military authority over the de-

fendant. It is therefore our opinion that Agent Smith's testimony would not be incompetent by reason of Section 1385, supra. We therefore find no error in the trial court overruling defendant's motion to suppress.

■ The defendant's second and final proposition asserts that the trial court erred in overruling defendant's motion to quash the jury panel.

Under this proposition the defendant contends that he was not tried by an impartial jury of the county in which the crime he was charged with was committed, therefore, depriving him of equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution. Defendant's argument is based on the contention that Fort Sill, Oklahoma, a military reservation, which is within Comanche County, has approximately nine thousand (9,000) residents who are not listed on the State ad valorem tax records and not eligible for jury duty unless they affirmatively list their personal property on the tax rolls. This question has previously been answered. In the case of Walls v. State, Okl.Cr., 485 P.2d 477 (1971), this Court stated in the Syllabus:

"The Oklahoma statutes providing for listing qualified jurors in the county as shown by the tax lists of the County Assessor's office for the current year on court juries in the county, and that the names for said list shall come from the listing and assessments of real and personal property for taxation, are constitutional."

Also see the case of Porter v. District Court of Oklahoma County, Okl.Cr., 462 P.2d 338 (1969), and Chandler v. State, Okl.Cr., 501 P.2d 512 (1972).

Finding no error that would warrant modification or reversal, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BUSSEY, J., concurs.

BRETT, J., dissents.