Ronald A. LEE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18092.

Court of Criminal Appeals of Oklahoma.

Sept. 6, 1973.

Rehearing Denied Sept. 20, 1973.

Stephen Jones, Enid, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Ronald A. Lee, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Comanche County, Case No. CRF–72–328, for the offense of Unlawful Delivery of Marijuana. His punishment was fixed at five (5) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

A brief statement of the facts are that on April 29, 1972, at approximately 9:00 p. m. Larry Hugh Smith, Provost Marshal Investigator for the CID's Office, Fort Sill Military Reservation, met with Detective Glen Williams of the Lawton Police Department and was given eighteen dollars ($18) by Detective Williams in city funds and instructed to go to the defendant's trailer and purchase some drugs. After receiving the eighteen dollars ($18), Smith proceeded to the defendant's trailer where he asked the defendant if he had any marijuana that he wanted to sell and the defendant replied "that he did and that he was selling it for $12 a lid." Smith then purchased one (1) "lid" of marijuana from the defendant, paying him twelve dollars ($12). Smith then returned with the "lid" to the south end of the trailer court where he met with Officer Williams, who placed the substance in an evidence envelope and sealed and initialed the envelope. The defendant stipulated that if the chemist for the Oklahoma State Bureau of Investigation were called as a witness, that he would testify that on the 1st day of May 1972 he received a package from the Lawton Police Department which contained a plastic baggie of green, leafy substance with the initials "L.H.S." and "G.W." on the plastic baggie; that he analyzed the substance and found it to be marijuana.

For the defense, the defendant's sister and the defendant's wife both testified that the facts as related by Smith in relation to the purchase of marijuana from the defendant on April 29, 1972, were untrue, as they were both at the defendant's house on this date.

The defendant cites two propositions for reversal: "The trial court erred in overruling defendant's motion to suppress the testimony of military agent Larry Smith" and "The trial court erred in overruling defendant's motion to quash the jury panel."

As these two propositions are identical to the propositions asserted in the case of Lee v. State, Okl.Cr., 513 P.2d 125, we do not deem it necessary to rediscuss these propositions of error.

For the reasons set forth in Smith, supra, we are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

BUSSEY, J., concurs.

BRETT, J., dissents.