

# The Attorney General of Texas

December 18, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Arthur C. Eads
District Attorney, 27th Judicial
  District
P. O. Box 540
Belton, Texas 76513

Opinion No. MW-103

Re: Whether evidence of autopsy performed by military doctor is excludable under article 38.23 of Code of Criminal Procedure on grounds of violation of the Posse Comitatus Act, 18 U.S.C. § 1385.

Dear Mr. Eads:

You request our opinion concerning the applicability of the Texas exclusionary statute, Code Crim. Proc. art. 38.23, to evidence of an autopsy performed by a military doctor, on the basis that such activity is a prohibited use of the military by civilian authorities to enforce the laws of the state. The fact situation you pose would arise when civilian authorities find the body of a member of the military service off the military base and, because of suspicious circumstances surrounding the death, they request that an autopsy be performed by the staff at the military hospital.

Article 38.23 of the Code of Criminal Procedure provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this article, then and in such event, the jury shall disregard any such evidence so obtained.

Section 1385 of title 18 of the United States Code provides:

> Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of

> Congress, willfully uses any part of the Army or the Air Force as a
> posse comitatus or otherwise to execute the laws shall be fined not
> more than $10,000 or imprisoned not more than two years, or both.

The only reported case in which this federal statute has been considered by Texas courts is Burns v. State, 473 S.W.2d 19 (Tex. Crim. App. 1971). Appellant, a soldier, was convicted of sale of marijuana. The sale was made to a college student who had volunteered his help to the criminal investigation division (CID) at a military base. The CID advanced marked money to the student to use to purchase narcotics from soldiers off duty and off base. The student made a purchase, delivered it to the city police, who notified the CID, who came and accompanied the police to the point where the appellant and his accomplice were arrested. The appellant contended that the activity of the CID violated 18 U.S.C. § 1385, and that the evidence of the offense should have been excluded under article 38.23 of the Code of Criminal Procedure. The court rejected this contention and found that there was no evidence used in the trial which was obtained in violation of the federal statute. The court said, at 473 S.W.2d 21:

> We do not find that any part of the Armed Forces was used as a
> posse comitatus or otherwise to execute the laws.
>
> Title 18, U.S.C.A. § 1385, is vague and we find no cases
> construing its validity on constitutional grounds, but assuming that
> it is a valid statute, we must then interpret what it means to
> 'execute' the laws. Webster's Third New International Dictionary
> (1969) definition of 'execute' is to 'put into effect; carry out fully
> and completely'. Black's Law Dictionary, 5th Edition (1968)
> definition of 'execute' is 'to complete; to perform; to follow out; to
> finish; accomplish; make complete; fulfill.'
>
> . . . Even though the CID agents may have been active in the
> investigation of narcotics traffic and specifically investigating the
> appellant's activities, we do not believe they are shown to have
> acted as a posse comitatus or otherwise to execute the laws.

The question of whether the federal statute had been violated has been raised in only a few other states, and in none has sufficient involvement by the military in civilian law enforcement been found to taint the evidence in the state criminal prosecution. In Pennsylvania, there was no violation found when the military officials assisted police by making a member of the armed services suspected of murder available for questioning and cooperating in the search of his quarters. Commonwealth v. Shadron, 370 A.2d 697 (Pa. 1977). In a Kansas case, military police and civilian police were on a "joint patrol," and the military policemen assisted in the stop and search of a car of suspected armed robbers. The court described this activity as a "technical violation" but not sufficient to fatally taint the search so as to require application of the exclusionary rule. State v. Danko, 548 P.2d 819 (Kan. 1976). The Oklahoma court has thrice rejected the argument that the federal act was violated in narcotics cases where the purchase was made by CID investigators, and convictions based on their testimony. Lee v. State, 513 P.2d 125 (Okla.

Crim. 1973); Hildebrandt v. State, 507 P.2d 1323 (Okla. Crim. 1973); Hubert v. State, 504 P.2d 1245 (Okla. Crim. 1972).

Only a few federal cases have considered the applicability of the federal statute. The Ninth Circuit Court of Appeals has described the Act as having been "enacted during the Reconstruction Period to eliminate the direct active use of federal troops by civil law authorities." The court said that the Act's prohibition has been "applied only to the off-base use of military personnel by civilian authorities." United States v. Banks, 539 F.2d 14, 16 (9th Cir. 1976). The most recent, pertinent, and authoritative case is United States v. Casper, 541 F.2d 1275 (8th Cir. 1976). It involved appeals by a number of defendants convicted of offenses growing out of a civil disorder on an Indian reservation at Wounded Knee, South Dakota, in 1973. During the disorder federal civil law enforcement officers obtained military assistance including the use of armored personnel carriers, with maintenance provided by the Nebraska National Guard; aerial photographic reconnaissance service by the United States Air Force and the Nebraska National Guard; the presence of United States Army personnel ordered there to observe and report to the President, through the Department of Defense, the necessity of calling in federal troops; and advice and counsel by United States Army personnel on the subjects of negotiations, logistics, and rules of engagement. Whether involvement of this sort by the military violated the Posse Comitatus Act was relevant to the validity of the defendants' convictions. The Eighth Circuit Court of Appeals approved the legal standard adopted by the district court for determining whether a violation had occurred:

> Were Army or Air Force personnel used by the civilian law enforcement officers at Wounded Knee in such a manner that the military personnel subjected the citizens to the exercise of military power which was regulatory, proscriptive, or compulsory in nature, either presently or prospectively?

United States v. Casper, supra, at 1278; affirming United States v. McArthur, 419 F. Supp. 186 (D. N.D. 1976). See United States v. Red Feather, 392 F. Supp. 916 (D. S.D. 1975), and United States v. Jaramillo, 380 F. Supp. 1375, appeal dism'd, 510 F.2d 808 (8th Cir. 1975), for other standards adopted by districts courts: "direct active use" and "pervasive use." See also United States v. Walden, 490 F.2d 372 (4th Cir. 1974), cert. den., 416 U.S. 983 (1974) (use of enlisted marines as undercover agents actively investigating crime violated 18 U.S.C. § 1385); Wrynn v. United States, 200 F. Supp. 457 (E.D. N.Y. 1961) (use of Air Force helicopter to aid in search for escaped prisoner at request of police violated Act).

While the Texas Court of Criminal Appeals in the Burns case, supra, did not articulate a clear standard for determining whether a violation of the federal Act has occurred, we believe that case is consistent with the cases since decided in both federal and other state courts in requiring direct and active involvement by the military in civilian law enforcement at the request of civilian authorities before a violation is found. Indirect aid to civilian authorities was not the wrong that the statute was designed to prevent. Whether our court would apply a test of "direct active use," or "pervasive use," or the Eighth Circuit's more elaborate "use in such a manner as to subject citizens to the exercise of military power which is regulatory, proscriptive, or compulsory in nature," we

do not believe that the performance of an autopsy by military doctors at a military hospital on the body of a soldier found off the base would be found to violate any of those tests. It is our opinion that such assistance by the military would not be a violation of the federal Posse Comitatus Act.

Your second question concerns possible sanctions to compel autopsies ordered by a justice of the peace. Under article 49.03, V.A.C.C.P., a justice of the peace has the authority to order an autopsy from a duly licensed physician where there is no county health officer. If such an order is made to a qualified physician as described in article 49.03, V.A.C.C.P., and that physician refuses to conduct the autopsy, does that justice of the peace or the county in which the death occurred have any recourse against that physician and/or medical facility by which the physician is employed?

We are aware of no statutory or judicial authority providing for sanctions in the situation where the physician to whom a request is made declines to perform the autopsy. Therefore we must conclude that there exists no recourse against such a physician or any institution by which he might be employed.

## SUMMARY

The performance of an autopsy by military doctors on the body of a soldier found off-base would not be violative of the federal posse comitatus statute.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Charles Campbell
and William G Reid
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman

David B. Brooks
Charles Campbell
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid