**Edward Lee BURKHART, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F–85–296.**

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1986.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

E. Alvin Schay, Asst. Appellant Public Defender, Norman, for appellant.

## OPINION

PARKS, Presiding Judge:

The appellant, Edward Lee Burkhart, was charged, tried and convicted in the District Court of Comanche County, Case No. CRF–78–1165, for the offense of Delivery of Marijuana. He was sentenced to five (5) years imprisonment. We affirm.

In the appellant's sole assignment of error, he contends the trial court committed reversible error by failing to suppress evidence obtained in violation of the Posse Comitatus Act, 18 U.S.C. § 1385. We disagree. The Posse Comitatus Act prohibits the use of military personnel for the enforcement of civil law. *Taylor v. State,*

645 P.2d 522 (Okl.Cr.1982). "[A] basic tenent of our Republic is the nonintervention of the military in the civil sector." *Id.* at 524. Section 1385 provides:

> Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both.

In *Taylor*, this Court held that violations of the Act do not necessarily invoke an automatic exclusion of evidence obtained therefrom, since section 1385 provides for only criminal sanctions for such violations of the Act. However, "[t]his Court is compelled to examine each case involving a violation of the Posse Comitatus Act and determine whether the illegal conduct by the law enforcement personnel rises to an intolerable level as to necessitate an exclusion of the evidence resulting from the tainted arrest." *Taylor, supra* at 524.

This Court in *Taylor* held that the trial court committed reversible error by admitting evidence obtained in a tainted arrest, because a military agent intolerably surpassed his authority. Specifically, the military agent in *Taylor* actively participated in an undercover drug purchase. He brandished a gun during the arrest. He participated in a search of the accused's residence after the arrest. Finally, the agent personally delivered drugs obtained from the accused to the O.S.B.I. and filled out submittal forms.

The case at bar does not present as serious a violation of the Act, nor does it mandate an automatic exclusion of the evidence. The record reveals that the military agent in the instant case was a special agent of the criminal investigations division (C.I.D.) at Fort Sill, and was involved in covert drug investigations. The agent's investigation led him to the appellant as a source of illicit drugs supplied to military personnel. The agent thereafter notified Officer Mahaffey of the Lawton Police Department of his information. The Lawton Police Department provided the agent with funds to purchase the marijuana from the appellant. On October 20, 1978, the agent arrived at the appellant's residence and purchased a bag of marijuana from the appellant for one hundred dollars. A second purchase was made later that evening. At the second purchase, the agent was accompanied by Officer Mahaffey, who sent it to the O.S.B.I. for testing. An O.S.B.I. chemist determined that the substance was, in fact, marijuana.

■ The aforementioned facts do not present such an intolerable violation of the Posse Comitatus Act as to necessitate exclusion of the evidence. The facts in the instant case are consistent with the facts in *Lee v. State*, 513 P.2d 125 (Okl.Cr.1973). In *Lee*, this Court held that the violation of the Act did not mandate an exclusion of the evidence since the military agent did not attempt to arrest the defendant, nor did he attempt to assert any military authority over the defendant. Thus, the Court held that the agent "did not assume any greater authority than that of a private citizen in purchasing the marijuana...." *Id.* at 126. *See also Hildebrandt v. State*, 507 P.2d 1323 (Okl.Cr.1973); and *Hubert v. State*, 504 P.2d 1245 (Okl.Cr.1972). The facts in *Lee* are controlling on the case at bar. Accordingly, this assignment of error is without merit.

■ This Court also notes that it is in possession of letters and a petition from friends and neighbors of the appellant requesting leniency. Title 22 O.S. 1981, § 1066 empowers this Court to "reverse, affirm or modify the judgment appealed from, and ..., if necessary or proper, order a new trial." We have appropriately limited section 1066 by holding that if competent evidence is found in the record from which the jury could reasonably have convicted the defendant, we will not interfere with the verdict. *See, e.g., Beck v. State*, 687 P.2d 1061 (Okl.Cr.1984). A sentence will not be modified unless error occurred at trial which, though not prejudicial to the determination of guilt, may have deprived the defendant of a fair sentence. *See, e.g.,*

*Freeman v. State,* 681 P.2d 84 (Okl.Cr. 1984). A sentence also will not be modified unless the sentence is shockingly excessive. *See, e.g., Little v. State,* 627 P.2d 445 (Okl. Cr.1981). In this case, the evidence of guilt is substantial, no error is found in the record requiring modification, and the sentence is not excessive. We decline to disturb the jury's verdict.

Appellant is advised, however, that he may petition the District Court for a suspended sentence within ten (10) days of the issuance of the mandate by this Court. 22 O.S. 1981, § 994.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.